**No. 66652.**—Canton Son, Inc. *v.* United States, protests 59/33181, 60/91, and 60/17080 (New York).

OLIVER, Chief Judge: These protests relate to merchandise described on the invoices as black lacquered jewel boxes and identified as item 220.

For a clear understanding of the issue presented herein, it is necessary, at the outset, to set forth a description of the present merchandise, from an examination of the sample (plaintiff's exhibit 1). The article is a jewel box, approximately 9 inches long, 4½ inches wide, and 5 inches deep. It is made of wood, covered with black lacquer and decorated with a brilliantly colored Japanese scene, and an inlay of imitation pearl on the cover. The interior of the jewel box is attractively arranged with a set of mirrors and ornate trays of different sizes and shapes. A pair of figurines, about 2½ inches in height and attired to simulate a ballet dancing couple, are set on a small platform in front of the mirrors. Affixed to each of the figurines and extending downward are thin metal shafts that are connected to a hidden musical mechanism. Protruding through the bottom of the jewel box is a key to wind the musical movement.

The collector considered the merchandise as being two separate tariff entities. The figurines were classified as dolls and assessed with duty under the *eo nomine* provision therefor in paragraph 1513 of the Tariff Act of 1930, as modified, at the rate of 35 per centum ad valorem. The remainder of the imported item was classified as a manufacture of wood, not specially provided for, under paragraph 412, as modified, with a duty assessment at the rate of 16⅔ per centum ad valorem.

Plaintiff disputes the classification of the figurines as dolls and claims that the jewel box, with the dolls, should be classified as an entirety, as a manufacture of wood, not specially provided for, and dutiable at the rate of 16⅔ per centum ad valorem under said modified paragraph 412.

The secretary of the plaintiff corporation was the sole witness. His uncontradicted testimony is sufficient to establish the following facts:

The article in question is a musical jewel box, sold by plaintiff throughout the United States as a "ballerina jewelry box," and "made primarily for the purpose of a woman to insert jewelry as a place of safe-keeping, or costume jewelry, rings, and ornaments of that kind." (R. 10–11.) When the lid of the box is raised and the musical mechanism has been wound, the dolls are brought to a vertical position, releasing the musical movement to emit tunes and causing the figurines to rotate or circle. Closing the box depresses the dolls and stops the music.

To support the collector's classification of the figurines as dolls, defendant cites *United States* v. *Cody Manufacturing Co., Inc., et al.*, 44 C.C.P.A. (Customs) 67, C.A.D. 639. That case, so far as pertinent to the present discussion, involved certain figurines, brass tubes, and blocking screws, which, after importation, were fitted into a metal case and plywood box of domestic manufacture, and, with an imported musical movement, formed a complete music box. The question presented was whether the imported items—figurines, tubes, and blocking screws—were properly classifiable as dolls, as assessed, or as parts of music boxes, as claimed. The case turned on the application of the principle governing classification of merchandise as "parts" of an article.

In the present case, the issue is materially different. Here, we are concerned with an item that is admittedly a jewel box. Whether or not the article, as imported, is a complete tariff entity, which is the issue presented herein, is controlled by the doctrine of entireties.

The difference in the principles of statutory construction applicable in each of the cases distinguishes the *Cody* case from the case now before us. Accordingly, we hold that the cited case has no bearing on the present one.

The question of entireties has been the subject of much litigation both in this court and the Court of Customs and Patent Appeals. Application of the rule is based on the proposition that the classification of imported merchandise is based on its condition at the time of importation. *United States* v. *Schoverling, Daly & Gales*, 146 U.S. 76.

In *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232, the court reviewed many early cases on the subject and then stated as follows:

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

Citing the *Altman* case, *supra*, this court, in *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619, succinctly stated the rule of entireties, as it is to be applied herein, as follows:

\* \* \* if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

Under the pronouncements in the *Altman* and *Donalds* cases, the imported item under consideration is properly classifiable as an entirety. The dolls in controversy, by their placement, and through the function they perform, in the jewel box (exhibit 1, *supra*) lose their individual identities and are subordinated in the creation of a new and distinct entity, a novelty musical jewel box. They are, therefore, not separately classifiable, as assessed by the collector. Instead, their tariff status is the same as the entity in which they are represented.

Since it is agreed between the parties that the jewel box in question, as an entirety, is "an article that is in chief value of wood" (R. 3), we hold the item in question, as hereinabove identified, to be properly dutiable at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412, as modified, for manufactures wholly or in chief value of wood, not specially provided for, as claimed by plaintiff.

Consideration has been given to all of the cases cited in defendant's brief. We deem it unnecessary to review any of them, in the light of our approach to, and disposition of, the present issue.

The protests are sustained, and judgment will be rendered accordingly.